**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

ANTHONY THOMPSON,

        Petitioner,

    v.                                                14-CR-228-A
                                                          18-CV-257-A

UNITED STATES OF AMERICA,          **DECISION AND ORDER**

        Respondent.

_____

Petitioner Anthony Thompson seeks relief pursuant to 28 U.S.C. § 2255. On March 8, 2017, the Court sentenced Petitioner to 188 months' imprisonment following his plea of guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2). Petitioner's appeal is currently pending before the Second Circuit. *See* Second Circuit Docket No. 17-822.

"[T]here is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (emphasis omitted). However, "district courts in this Circuit have generally denied without prejudice as premature those § 2255 motions that are filed during the pendency of a direct appeal." *Rivera v. United States*, 16-CV-5238(KMW), 13-CR-424-1(KMW), 2016 WL 9022576, at *1 (S.D.N.Y. Aug. 24, 2016) (collecting cases). This practice arises out of considerations "of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." *Outen*, 286 F.3d at 632. *See also Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the

1

orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances."); 1976 Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.") (citing *Womack*, *supra*).

Petitioner states that he filed his § 2255 motion before exhausting his appellate remedies because he is actually innocent, and because his appellate counsel filed an *Anders* brief.[1] These arguments do not rise to the level of "extraordinary circumstance[s]" that might justify resolving Petitioner's § 2255 motion now, particularly in light of the fact that an actual innocence claim is "demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quotation marks omitted).

Petitioner's § 2255 motion (Docket No. 113) is therefore denied without prejudice. Petitioner may still file a § 2255 motion once his conviction becomes final. Pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 18-CV-257-A -A.

**SO ORDERED.**


Dated: February 20, 2018                       _s/Richard J. Arcara_
     Buffalo, New York                    HONORABLE RICHARD J. ARCARA
                                           UNITED STATES DISTRICT JUDGE